IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEFAN CAIN,

                Petitioner,                              ORDER

       v.                                          09-cv-145-slc

GREG GRAMS,
JANEL NICKEL and
DYLON RADTKE,
(individually and in their official capacities),

                Respondents.

---

On March 18, 2009, I assessed petitioner a $1.57 initial partial payment of the $350 fee for filing this case and gave him until April 8, 2009, in which to make the payment. In response to the March 18 order, petitioner has submitted correspondence to the court which I construe as a motion for reconsideration of the March 18 order.

In his motion, petitioner explains that the monthly income he receives is withheld to pay for legal and general loans and for a victim witness surcharge. He appears to assume that because his monthly income is being automatically deducted to pay for other obligations that the prison business office will not remit his initial partial payment to this court. My review of the trust fund account statement petitioner submitted with his complaint shows that his income is deducted in the manner he describes. However, petitioner should not be prevented from paying the initial partial payment in this case. In *Newlin v. Helman*, 123 F.3d 429, 435-36, the court of appeals suggested in dicta that prison officials are required by statute to give priority to federal court filing fees: "[initial partial payment] should have been immediate, and its

collection should have come off the top of the next deposit of prison wages." That means that the initial partial payment assessed in this case is to be given priority over petitioner's other debts.

There is no reason for me to believe that petitioner's initial partial payment will not be paid from the next deposit to his account. Petitioner has not submitted proof that he showed prison officials this court's March 18 order or that he sent a disbursement request to the business office and that his request was denied. Petitioner should show a copy of this order to prison officials to insure that they are aware they should send his initial partial payment to this court. If he does so and his request for disbursement is denied, petitioner would be free to write to the court and submit proof that his request was denied. In that event, the court could then consider requesting that the warden of the Columbia Correctional Institution look into the matter and respond, in writing, indicating the status of petitioner's request for withdrawal of the initial partial payment. Now that petitioner should better understand how he should proceed, I will give him an enlargement of time to April 29, 2009, in which to submit his initial partial payment.

ORDER

IT IS ORDERED that petitioner's motion for reconsideration of the $1.57 initial partial payment of the $350 filing fee, dkt. #6, is DENIED.

Further, IT IS ORDERED that petitioner may have an enlargement of time to April 29,

2

2009, in which to submit a check or money order payable to the clerk of court in the amount of $1.57.

Entered this 8th day of April, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

3