IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEFAN CAIN,

                                                                                OPINION and ORDER

                    Plaintiff,

                                                                                 09-cv-145-bbc

        v.

GREG GRAMS, JANEL NICKEL
and DYLAN RADTKE,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On July 13, 2009, I denied plaintiff Stefan Cain's request to proceed in forma pauperis on his claim that defendants Greg Grams, Janel Nickel and Dylan Radtke violated his right of access to the courts and I dismissed his claim with prejudice for plaintiff's failure to state a claim upon which relief may be granted. Now before the court is plaintiff's motion to reconsider that decision under Rule 59 of the Federal Rules of Civil Procedure.

The purpose of a Rule 59 motion to reconsider is to bring to the court's attention newly discovered evidence or a manifest error of law or fact. Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000). It is not intended as an opportunity to reargue the merits of a case, Neal v. Newspaper Holdings, Inc., 349 F.3d

1

363, 368 (7th Cir. 2003), or to submit evidence that could have been presented earlier. Dal Pozzo v. Basic Machinery Co., Inc., 463 F.3d 609, 615 (7th Cir. 2006) (citing Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995)). Moreover, a motion to reconsider should not be used to rehash previous arguments. Oto v. Metro Life Insurance Co., 224 F.3d 601,

Plaintiff's motion is nothing more than a repetition of the allegations and arguments he made in his original and supplemental complaints before this court. Although plaintiff argues that he alleged that "systematic inadequacies" existed at the Columbia Correctional Institution's law library, nothing in plaintiff's complaints indicates that defendants prevented him directly or indirectly from filing a petition for writ of habeas corpus. Because plaintiff has presented no new evidence or demonstrated that it was a manifest error of law to dismiss his complaint, I will deny his motion to reconsider.

ORDER

IT IS ORDERED that plaintiff Stefan Cain's motion to reconsider the July 13 order dismissing his access to the courts claim against defendants Greg Grams, Janel Nickel and Dylan Radtke is DENIED.

Entered this 31st day of July, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge